UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEY WELLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00384-JMS-DKL |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Josey Wells for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 14-01-0240 in which Wells was convicted of possession or solicitation of unauthorized personal information. For the reasons explained in this Entry, Wells' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Wells challenges his disciplinary conviction arguing that: 1) there was insufficient evidence to support the guilty finding; 2) there was a violation of Indiana Department of Correction ("DOC") policy; and 3) he was sanctioned in multiple ways which is a violation of double jeopardy.

### B. Sufficiency of the Evidence

It is undisputed that Wells was corresponding with a female Corizon employee who worked in the health care unit. Wells claims that the letters involved information about what goes on in the facility. He states that he may have been guilty of being involved in an inappropriate relationship with an employee, but he was not guilty of exchanging personal information. In other words, he suggests that the evidence was insufficient to find him guilty.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Construing the evidence in a manner most favorable to the finding of the hearing officer, Wells possessed or solicited unauthorized personal information and the decision of the hearing officer was not arbitrary.

Class B offense #247 of the Indiana Department of Correction Disciplinary Code for Adult Offenders ("ADP") is defined as follows:

> Possessing or soliciting unauthorized personal information regarding . . . current or former staff person, including but not limited to, personnel files, offender packets, medical or mental health records, photographs, Social Security numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Facility Head. This includes soliciting for correspondence (pen-pals) through forums on any website or periodical.

A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report shows that an investigation was conducted regarding an inappropriate relationship between Wells and a female staff member. Letters between the two were confiscated

and attached to the conduct report. Wells admitted he exchanged letters with the staff member. The Report of Investigation confirmed these findings. In particular, the letters reflected that personal information (including family details) was being shared between Wells and the staff member. This evidence was sufficient to find Wells guilty of the charged offense. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

### C. Violations of Policy

Next, Wells argues that the hearing officer issued the sanctions without having those sanctions approved by the facility head in violation of Department of Correction policy. Unfortunately for Wells, habeas corpus relief cannot be based upon a violation of the rules and procedures of the IDOC or other state law. *Estelle v. McGuire,* 502 U.S. 62, 68 at n. 2, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride,* 966 F.Supp. 765, 774–75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar.27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."). No relief is warranted on this basis.

### D. Double Jeopardy

Wells argues that the sanctions imposed (30 day phone restriction, 90 day deprivation of earned credit time and demotion of credit class) violate the double jeopardy clause because he is being punished more than once for the same offense. These sanctions were reasonable and the Double Jeopardy Clause applies only to criminal proceedings. *Breed v. Jones,* 421 U.S. 519, 528 (1975). "[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full

panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 567 (1974). Thus, double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride,* 81 F.3d 717, 722 (7th Cir. 1996).

### E. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wells to the relief he seeks. Accordingly, Wells' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/22/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEY WELLS
230614
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel